LAW OFFICES OF
# WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS**
REGINALD RAFE NICHOLAS PAYNE,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE ESTATE OF REGINALD
DAMONE PAYNE, HARRIETT JEFFERSON, AND
RUFUS JEFFERSON

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| REGINALD RAFE NICHOLAS PAYNE, individually and as Successor-In-Interest to THE ESTATE OF REGINALD DAMONE PAYNE; HARRIETT JEFFERSON; and RUFUS JEFFERSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO; DAVID MOWER; JOHN HELMICH; KEVIN MOORMAN; JEFFREY KLEIN; SCOTT CARAVALHO; SEAN HOLLEMAN; CLINTON SIMONS; ERIC MUNSON, and DOES 11-20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process—(42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Municipal Liability— Failure to Train (42 U.S.C. § 1983)<br>7. False Arrest/False Imprisonment<br>8. Battery (Wrongful Death)<br>9. Negligence (Wrongful Death)<br>10. Violation of Bane Act (Cal. Civil Code § 52.1)<br>11. Violation of Ralph Act (Cal. Civil Code § 52.7)<br>12. Violation of Unruh Civil Rights Act (Cal. Civil Code §§ 51. 52) |

1

13. Negligent Infliction of Emotional
Distress

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.      Plaintiffs REGINALD RAFE NICHOLAS PAYNE, individually and as

Successor-In-Interest to THE ESTATE OF REGINALD DAMONE PAYNE,

HARRIETT JEFFERSON, and RUFUS JEFFERSON, for their complaint against

Defendants CITY OF SACRAMENTO, DAVID MOWER, JOHN HELMICH, KEVIN

MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

CLINTON SIMONS, ERIC MUNSON, DOES 11-20, inclusive, allege as follows:

## INTRODUCTION

2.      This civil rights action seeks compensatory and punitive damages and

injunctive relief against Defendants for violating various rights under the United

States Constitution and state law in connection with the death of the DECEDENT

Reginald Damone Payne.

## JURISDICTION

3.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

1343 and 2201. The Court has pendent jurisdiction and supplemental jurisdiction

over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

This Court is empowered to grant injunctive and declaratory relief pursuant to 28

U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 65. Plaintiffs' claim for attorneys' fees is

authorized by 42 U.S.C. §1988.

4.      All administrative remedies have been exhausted. In compliance with

California Government Code § 910 *et seq*., PLAINTIFFS REGINALD RAFE

NICHOLAS PAYNE, HARRIETT JEFFERSON and RUFUS JEFFERSON have filed

administrative claims for damages under the California Tort Claims Act with the

CITY OF SACRAMENTO, which denied these claims in writing on or about

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  November 20, 2020.

2      5.      The events giving rise to the claims alleged in this Complaint arose in

3  the County of Sacramento, California. Venue therefore lies in the United States

4  District Court for the Eastern District of California, Sacramento Division, pursuant

5  to 28 U.S.C. § 84(a) and 28 U.S.C. § 1391(b)(2).

6                          **THE PARTIES**

7      6.      At all relevant times, Reginald Damone Payne ("DECEDENT") was an

8  individual residing in the County of Sacramento, California.

9      7.      Plaintiff REGINALD RAFE NICHOLAS PAYNE is the surviving

10  natural child of the DECEDENT and brings these claims in his individual capacity as

11  well as on behalf of the ESTATE OF REGINALD DAMONE PAYNE in his capacity

12  as successor-in-interest to DECEDENT. REGINALD RAFE NICHOLAS PAYNE is a

13  resident of the State of California and commences this action pursuant to the

14  California Code of Civil Procedure §§377.30, 377.60, and federal civil rights law.

15  REGINALD RAFE NICHOLAS PAYNE seeks both survival and wrongful death

16  damages under federal and state law.

17      8.      Plaintiff HARRIET JEFFERSON is the surviving mother of

18  DECEDENT and brings these claims in her individual capacity. HARRIET

19  JEFFERSON is a resident of the County of Sacramento, State of California, and

20  seeks wrongful death damages under federal and state law.

21      9.      Plaintiff RUFUS JEFFERSON is the surviving father of DECEDENT

22  and brings these claims in his individual capacity. RUFUS JEFFERSON is a

23  resident of the County of Sacramento, State of California, and seeks wrongful death

24  damages under federal and state law.

25      10.     Defendant CITY OF SACRAMENTO ("CITY") is and was a duly

26  organized public entity, form unknown, existing under the laws of the State of

27  California. At all relevant times, CITY was the employer of Defendants DAVID

28  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981–7210

3

CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, who were CITY police officers, fire fighters, paramedics and/or emergency medical technicians. At all relevant times, CITY was the employer of Defendants DOES 11-20, who were supervisorial officers, and/or managerial, supervisorial, and policymaking employees of the Sacramento Police Department, the Sacramento Police Department, the Emergency Medical Services Division of the Sacramento Fire Department and/or the CITY.

11. Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON, and DOES 11-20 were, at all relevant times, duly authorized employees and agents of CITY who were acting under color of law within the course and scope of their respective duties and with the complete authority and ratification of their principal, Defendant CITY.

12. Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON, and DOES 11-20 were, at all relevant times, duly authorized employees and agents of CITY subject to oversight and supervision by CITY's elected and nonelected officials.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON, and DOES 11-20 were acting on the implied and actual permission and consent of CITY.

14. At all times mentioned herein, each and every Defendant employee or agent of the CITY was the agent of each and every other Defendant employee or agent of the CITY, and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant employee or agent of the CITY.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15.     The true names, capacities, or involvement, whether individual, corporate, governmental, or associate of the Defendants named herein as DOE, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs pray leave to amend this complaint to show their true names and capacities, when the same have been finally determined

## FACTUAL ALLEGATIONS

16.     On the evening of February 25, 2020, HARRIET JEFFERSON called 911 to request emergency medical services for her son, the DECEDENT, a diabetic in medical distress due to low blood sugar. Defendant CITY dispatched Defendants JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, employees of the Sacramento Fire Department and/or its Emergency Medical Services Division, to HARRIET JEFFERSON's residence at 5330 25th Street in Sacramento, California.

17.     Upon arriving at the scene, rather than provide care or treatment to DECEDENT, said employees and agents of Defendant CITY requested the assistance of the Sacramento Police Department, which dispatched a single police officer, Defendant KEVIN MOORMAN. This officer did not enter the residence upon arrival, but rather requested backup and waited more than five minutes for another two CITY police officers, Defendants JOHN HELMICH and DAVID MOWER, to arrive. The officers confirmed that there was no suspicion of a crime.

18.     The three CITY police officers entered the residence and briefly spoke with HARRIET JEFFERSON and RUFUS JEFFERSON. The officers then walked into a back room of the residence, where DECEDENT was sitting on a couch conscious but in an apparent state of mental incapacity. Approximately 30-40 seconds after the officers entered the room, DECEDENT slid off the couch and onto the ground. The police officers then used force to restrain him on the floor in the prone position. Defendant Officer DAVID MOWER applied handcuffs while another officer tied DECEDENT'S ankles together.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

19.    At no time herein was DECEDENT a direct threat to any employee or agent of the CITY. At no time herein was DECEDENT physically aggressive towards the officers, nor did DECEDENT stand from his seated position or advance towards the officers.

20.    All three officers continued to hold DECEDENT face down on the floor for several minutes as DECEDENT sobbed. During this time, DECEDENT was still conscious and perceived the restraint on his liberty. Even so, DECEDENT did not act combatively towards the officers while they restrained him, and did not resist. As the Emergency Medical Services personnel watched, the officers kept DECEDENT in the prone position despite the known potential for respiratory arrest and death from asphyxia or aspiration.

21.    Shortly afterward, DECEDENT exhibited an acute change in his medical presentation. That is, he stopped moving altogether and was unconscious and unresponsive. Still, the officers forcefully held him to the ground in the prone position. Despite the presence of Emergency Medical Services personnel, there was no effort to adequately assess and understand DECEDENT's changed presentation. There were no attempts at resuscitation.

22.    After several more minutes with DECEDENT unconscious and unresponsive, in the prone position, DECEDENT was lifted onto a gurney and further physically restrained.

23.    DECEDENT never regained consciousness. He was transported via ambulance to Sutter Medical Center, where he was officially pronounced dead on March 3, 2020. The immediate cause of death on the death certificate is "acute respiratory failure."

////

////

////

////

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
( 4 1 5 )   9 8 1 – 7 2 1 0

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

**(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott**

**Caravalho, Sean Holleman, Clinton Simons, and Eric Munson)**

24.    Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

25.    Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON caused DECEDENT to be detained, and they attempted to arrest DECEDENT in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.    Despite the time they had to reflect, Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, acting under color of law and exercising their power as government actors, subjected Plaintiffs to their arbitrary and wrongful conduct as set out above, which conduct (a) was a substantial departure from professional judgment, and (b) was with deliberate disregard of what they knew was a high risk of death or serious personal injury. The conduct of Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON shocks the conscience.

27.    As a result of the conduct of DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, they are liable for DECEDENT's injuries because they were integral participants to the violations of DECEDENT's rights. The DECEDENT was detained without reasonable suspicion as said Defendants

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981−7210

7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  attempted to arrest DECEDENT without probable cause.

2      28.    The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

3  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

4  CLINTON SIMONS, and ERIC MUNSON was willful, wanton, malicious, and done

5  with reckless disregard for the rights and safety of DECEDENT and therefore

6  warrants the imposition of exemplary and punitive damages as to DAVID MOWER,

7  JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO,

8  SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON.

9      29.    Accordingly, Defendants DAVID MOWER, JOHN HELMICH, KEVIN

10  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

11  CLINTON SIMONS, and ERIC MUNSON are each liable to Plaintiffs for

12  compensatory and punitive damages, including both survival damages and wrongful

13  death damages, under 42 U.S.C. § 1983.

14      30.    Plaintiffs also seek attorney fees under this claim.

15      **<u>SECOND CAUSE OF ACTION</u>**

16  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

17  **(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott**

18  **Caravalho, Sean Holleman, Clinton Simons, and Eric Munson)**

19      31.    Plaintiffs repeat and reallege each and every prior paragraph of this

20  Complaint with the same force and effect as if fully set forth herein.

21      32.    The conduct of Defendants DAVID MOWER, JOHN HELMICH, KEVIN

22  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

23  CLINTON SIMONS, and ERIC MUNSON deprived DECEDENT of his right to be

24  secure in his persons against unreasonable searches and seizures as guaranteed to

25  DECEDENT under the Fourth Amendment to the United States Constitution and

26  applied to state actors by the Fourteenth Amendment.

27      33.    The unreasonable use of force by Defendants DAVID MOWER, JOHN

28  HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON deprived the DECEDENT

2   of his right to be secure in his person against unreasonable searches and seizures as

3   guaranteed to DECEDENT under the Fourth Amendment to the United States

4   Constitution and applied to state actors by the Fourteenth Amendment.

5       34.   As a result, DECEDENT suffered extreme mental and physical pain and

6   suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning

7   capacity. Plaintiffs have also been deprived of the life-long love, companionship,

8   comfort, support, society, care, and sustenance of DECEDENT, and will continue to

9   be so deprived for the remainder of their natural lives.

10      35.   The conduct of Defendants DAVID MOWER, JOHN HELMICH, KEVIN

11  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

12  CLINTON SIMONS, and ERIC MUNSON was willful, wanton, malicious, and done

13  with reckless disregard for the rights and safety of DECEDENT and therefore

14  warrants the imposition of exemplary and punitive damages as to Defendants

15  DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

16  SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

17  MUNSON.

18      36.   Plaintiffs seek both survival and wrongful death damages for the

19  violation of DECEDENT's rights.

20      37.   Plaintiffs also seek attorney fees under this claim.

21              **THIRD CAUSE OF ACTION**

22  **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

23  **(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott**

24      **Caravalho, Sean Holleman, Clinton Simons, and Eric Munson)**

25      38.   Plaintiffs repeat and reallege each and every prior paragraph of this

26  Complaint with the same force and effect as if fully set forth herein.

27      39.   The denial of medical care by Defendants DAVID MOWER, JOHN

28  HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON deprived DECEDENT of his

2 right to be secure in his person against unreasonable searches and seizures as

3 guaranteed to DECEDENT under the Fourth Amendment to the United States

4 Constitution and applied to state actors by the Fourteenth Amendment.

5     40.     As a result, DECEDENT suffered extreme mental and physical pain and

6 suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have

7 also been deprived of the life-long love, companionship, comfort, support, society,

8 care, and sustenance of DECEDENT, and will continue to be so deprived for the

9 remainder of their natural lives.

10     41.     Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN,

11 JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

12 and ERIC MUNSON knew that failure to provide timely medical treatment to

13 DECEDENT could result in further significant injury or the unnecessary and wanton

14 infliction of pain, but disregarded that serious medical need, causing DECEDENT

15 great bodily harm and death.

16     42.     The conduct of Defendants DAVID MOWER, JOHN HELMICH, KEVIN

17 MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

18 CLINTON SIMONS, and ERIC MUNSON was willful, wanton, malicious, and done

19 with reckless disregard for the rights and safety of DECEDENT and therefore

20 warrants the imposition of exemplary and punitive damages as to Defendants

21 DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

22 SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

23 MUNSON.

24     43.     Plaintiffs seek both survival and wrongful death damages for the

25 violation of DECEDENT's rights.

26     44.     Plaintiffs also seek attorney fees under this claim.

27 / / / /

28 / / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

## FOURTH CAUSE OF ACTION

### Substantive Due Process—(42 U.S.C. § 1983)

**(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott Caravalho, Sean Holleman, Clinton Simons, and Eric Munson)**

45.     Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

46.     REGINALD RAFE NICHOLAS PAYNE had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

47.     HARRIET JEFFERSON had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

48.     RUFUS JEFFERSON had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

49.     As a result of the excessive force and other conduct by Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON complained of herein, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

50.     DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

11

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

2  MUNSON, acting under color of state law, thus violated the Fourteenth Amendment

3  rights of REGINALD RAFE NICHOLAS PAYNE, HARRIET JEFFERSON and

4  RUFUS JEFFERSON to be free from unwarranted interference with their familial

5  relationship with DECEDENT.

6      51.  The aforementioned actions of DAVID MOWER, JOHN HELMICH,

7  KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

8  CLINTON SIMONS, and ERIC MUNSON, along with other undiscovered conduct,

9  shock the conscience, in that they acted with deliberate indifference to the

10  constitutional rights of DECEDENT and Plaintiffs REGINALD RAFE NICHOLAS

11  PAYNE, HARRIET JEFFERSON and RUFUS JEFFERSON with purpose to harm

12  unrelated to any legitimate law enforcement objective.

13      52.  Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN,

14  JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

15  and ERIC MUNSON, acting under color of state law, thus violated the Fourteenth

16  Amendment rights of DECEDENT and Plaintiffs.

17      53.  As a direct and proximate cause of the acts of Defendants DAVID

18  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

19  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON ,

20  Plaintiffs suffered extreme and severe mental anguish and pain and have been

21  injured in mind and body. Plaintiffs have also been deprived of the life-long love,

22  companionship, comfort, support, society, care and sustenance of DECEDENT, and

23  will continue to be so deprived for the remainder of their natural lives.

24      54.  As a result of the conduct of DAVID MOWER, JOHN HELMICH,

25  KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

26  CLINTON SIMONS, and ERIC MUNSON, said Defendants they are liable for

27  DECEDENT'S injuries because they were integral participants in the denial of due

28  process.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

55.     The conduct of Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON.

56.     Plaintiffs seek both survival and wrongful death damages for the violation of DECEDENT's rights.

57.     Plaintiffs also seek attorney fees under this claim.

## FIFTH CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants City and DOES 11-20)**

58.     Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

59.     On and for some time prior to February 25, 2020 (and continuing to the present date) Defendants DOES 11-20, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.     Employing and retaining as police officers and other personnel, including Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and ERIC MUNSON, whom Defendants DOES 11-20, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority, for mistreating citizens, for racial discrimination, for use of excessive force, and for being reckless and careless in the provision of medical aid;

b.     Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c.     By failing to adequately train personnel, including DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, and failing to institute appropriate policies regarding restraints and the use of excessive force;

d.     By failing to adequately train personnel, including DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, and failing to institute appropriate policies regarding the rendering of medical aid in emergencies;

e.     By failing to adequately train personnel, including DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, and failing to institute appropriate policies regarding racial discrimination; and

f.     By having and maintaining an unconstitutional policy, custom, and practice of using excessive force and improper restraint, which also is demonstrated by inadequate training regarding these subjects.

60.     These policies, customs, and practices of CITY and DOES 11-20 were done with a deliberate indifference to individuals' safety and rights.

61.     By reason of the aforementioned policies and practices of Defendants

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CITY and DOES 11-20, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

62.    Defendants DOES 11-20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

63.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 11-20, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 11-20, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 11-20, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

65.    The unconstitutional actions and/or omissions of Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON were pursuant to and a result of the patterns, customs, policies, practices, and/or procedures of the Defendant CITY, which were directed, encouraged, allowed, and/or ratified by policy making officers for the CITY including, but not limited to, DOES 11-20. Such patterns, customs, policies, practices, and/or procedures, including but not limited to, failing to institute and require proper and adequate training and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981−7210

15

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   supervision policies for responding to a person suffering a medical emergency who

2   needs to be restrained in order to administer medical aid, thereby increasing the

3   chance of deadly consequences in violation of the United States Constitution.

4       66.    Defendant CITY directed, encouraged, and allowed these customs,

5   policies, practices, and/or procedures with deliberate indifference to the fundamental

6   rights individuals have, including Plaintiffs, and despite the high likelihood that

7   someone would be killed as a result.

8       67.    By reason of the aforementioned acts and omissions of Defendants

9   DOES 11-20, Plaintiffs have suffered loss of love, companionship, affection, comfort,

10  care, society, and future support.

11      68.    Accordingly, Defendants DOES 11-20, each are liable to Plaintiffs for

12  compensatory damages under 42 U.S.C. § 1983.

13      69.    Plaintiffs seek wrongful death and survival damages under this claim.

14      70.    Plaintiffs also seek attorney fees under this claim.

15  **SIXTH CAUSE OF ACTION**

16  **Municipal Liability— Failure to Train (42 U.S.C. § 1983)**

17  **(Against Defendants CITY and DOES 11-20)**

18      71.    Plaintiffs repeat and reallege each and every prior paragraph of this

19  Complaint with the same force and effect as if fully set forth herein.

20      72.    While acting under the color of state law and within the course and

21  scope of their employment as police officers, fire fighters, paramedics and emergency

22  service technicians for the CITY, DAVID MOWER, JOHN HELMICH, KEVIN

23  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

24  CLINTON SIMONS, and ERIC MUNSON deprived DECEDENT of his rights and

25  liberties secured to him by the Fourth and Fourteenth Amendments, including his

26  right to be free from excessive force and unreasonable search and seizure.

27      73.    The training policies of the defendant CITY were not adequate to train

28  its personnel, including but not limited to, DAVID MOWER, JOHN HELMICH,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

16

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

2  CLINTON SIMONS, and ERIC MUNSON. As a result, CITY personnel, including

3  DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

4  SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

5  MUNSON, are not able to handle the usual and recurring situations with which they

6  must deal, including rendering medical aid in emergencies and safely restraining

7  persons in medical emergencies. These inadequate training policies existed prior to

8  the date of this incident and continue to this day.

9      74.    Defendant CITY was deliberately indifferent to the known or obvious

10  consequences of its failure to adequately train its personnel, including DAVID

11  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

12  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON .

13      75.    The failure of the Defendant CITY to provide adequate training with

14  regards to restraints and the rendering of emergency medical aid caused the

15  deprivation of the Plaintiff's rights by DAVID MOWER, JOHN HELMICH, KEVIN

16  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

17  CLINTON SIMONS, and ERIC MUNSON. In other words, the Defendant's failure to

18  train is so closely related to the deprivation of the Plaintiffs' rights as to be the

19  moving force that caused the ultimate injury.

20      76.    By failing to provide adequate training to CITY's personnel, including

21  DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

22  SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

23  MUNSON, Defendants DOES 11-20, acted with an intentional, reckless, and callous

24  disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional

25  rights. Defendants DOES 11-20, each of their actions were willful, wanton,

26  oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any

27  person of normal sensibilities.

28      77.    By reason of the aforementioned acts and omissions of Defendants

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981−7210

17
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  DOES 11-20, Plaintiffs have suffered loss of love, companionship, affection, comfort,

2  care, society, and future support.

3    78.    Accordingly, Defendants DOES 11-20, each are liable to Plaintiffs for

4  compensatory damages under 42 U.S.C. § 1983.

5    79.    Plaintiffs seek wrongful death and survival damages under this claim.

6    80.    Plaintiffs also seek attorney fees under this claim.

7                    **SEVENTH CAUSE OF ACTION**

8  **False Arrest/False Imprisonment (Cal. Govt. Code § 820 and Common Law)**

9  **(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott**

10  **Caravalho, Sean Holleman, Clinton Simons, and Eric Munson and CITY)**

11    81.    Plaintiffs repeat and reallege each and every prior paragraph of this

12  Complaint with the same force and effect as if fully set forth herein.

13    82.    Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN,

14  JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

15  and ERIC MUNSON, while working as police officers, fire fighters, paramedics

16  and/or emergency medical technicians for CITY, and acting within the course and

17  scope of their duties, intentionally deprived DECEDENT of his freedom of movement

18  by use of force, threats of force and unreasonable duress. Defendants DAVID

19  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

20  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON

21  unreasonably detained DECEDENT in the prone position despite the known

22  potential for respiratory arrest and death from asphyxia or aspiration. Defendants

23  DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

24  SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

25  MUNSON also detained DECEDENT without reasonable suspicion. There was an

26  attempt by DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY

27  KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

28  MUNSON to arrest DECEDENT without probable cause and, in fact, without even

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981−7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  suspicion of a crime.

2       83.    DECEDENT did not knowingly or voluntarily consent to his detention

3  or attempted arrest. On information and belief DECEDENT did not feel that he was

4  free to leave as he lay dying on the ground. Defendants DAVID MOWER, JOHN

5  HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN

6  HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON deprived DECEDENT, who

7  was unarmed, of his liberty without justification. Further, Defendants DAVID

8  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

9  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON did

10 not have probable cause to believe that DECEDENT, specifically, had committed any

11 crime.

12       84.    The conduct against DECEDENT by Defendants DAVID MOWER,

13 JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO,

14 SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON was a substantial

15 factor in causing the harm of DECEDENT, namely his death.

16       85.    CITY is vicariously liable for the wrongful acts of Defendants DAVID

17 MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

18 CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON

19 pursuant to section 815.2(a) of the California Government Code, which provides that

20 a public entity is liable for the injuries caused by its employees within the scope of

21 the employment if the employee's act would subject him or her to liability.

22       86.    The conduct of Defendants DAVID MOWER, JOHN HELMICH, KEVIN

23 MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

24 CLINTON SIMONS, and ERIC MUNSON was malicious, wanton, oppressive, and

25 accomplished with a conscious disregard for the rights of DECEDENT, entitling

26 Plaintiffs to an award of exemplary and punitive damages.

27       87.    Plaintiffs are seeking both survival and wrongful death damages under

28 this claim.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981–7210

19
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2

3

4

**EIGHTH CAUSE OF ACTION**

**Battery (Cal. Govt. Code § 820 and Common Law)**

**(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott Caravalho, Sean Holleman, Clinton Simons, and Eric Munson and CITY)**

5

6

88.     Plaintiffs repeat and reallege each and every prior paragraph of this Complaint with the same force and effect as if fully set forth herein.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

89.     Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON, while working as police officers, fire fighters, paramedics and/or emergency medical technicians for CITY, and acting within the course and scope of their duties, intentionally touched DECEDENT and caused DECEDENT to be touched with the intent to harm or offend him, and to deprive DECEDENT of his freedom of movement by use of force, threats of force and unreasonable duress. Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON unreasonably detained DECEDENT in the prone position despite the known potential for respiratory arrest and death from asphyxia or aspiration. Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON also detained DECEDENT without reasonable suspicion. There was an attempt by DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON to arrest DECEDENT without probable cause and, in fact, without even suspicion of a crime.

25

26

90.     DECEDENT did not knowingly or voluntarily consent to his touching, detention or attempted arrest.

27

28

91.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981–7210

20

1  been injured in mind and body. Plaintiffs also have been deprived of the life-long

2  love, companionship, comfort, support, society, care and sustenance of DECEDENT,

3  and will continue to be so deprived for the remainder of their natural lives.

4      92.    CITY is vicariously liable for the wrongful acts of Defendants DAVID

5  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

6  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON

7  pursuant to section 815.2(a) of the California Government Code, which provides that

8  a public entity is liable for the injuries caused by its employees within the scope of

9  the employment if the employee's act would subject him or her to liability.

10      93.    The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

11  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

12  CLINTON SIMONS, and ERIC MUNSON was malicious, wanton, oppressive, and

13  accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT,

14  entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an

15  award of exemplary and punitive damages.

16      94.    Plaintiffs bring this claim both individually and as successors-in-

17  interest to DECEDENT and seek both survival and wrongful death damages.

18  **NINTH CAUSE OF ACTION**

19  **Negligence (Cal. Govt. Code § 820 and California Common Law)**

20  **(Against All Defendants)**

21      95.    Plaintiffs repeat and reallege each and every prior paragraph of this

22  Complaint with the same force and effect as if fully set forth herein.

23      96.    The actions and inactions of the Defendants were negligent, including

24  but not limited to:

25      a.    The failure to properly and adequately train employees, including

26  DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

27  SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON

28  and DOES 11-20, with regards to the use of force, restraint and the provision of

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981–7210

21
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  emergency medical services;

2        b.    The failure to properly and adequately assess the need to detain,

3  arrest, and use force against DECEDENT;

4        c.    The negligent tactics and handling of the situation with

5  DECEDENT, including racial discrimination, unreasonable and improper restraint

6  and the provision of medical services in violation of applicable standards of care;

7        d.    The negligent detention, arrest, and use of force against

8  DECEDENT;

9        e.    The failure to provide and/or summon prompt medical care to

10  DECEDENT; and

11        f.    The failure to properly train and supervise employees, both

12  professional and non-professional, including DAVID MOWER, JOHN HELMICH,

13  KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

14  CLINTON SIMONS, ERIC MUNSON and DOES 1-20.

15      97.    Defendant CITY failed to properly hire, train, instruct, monitor, and

16  supervise DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY

17  KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC

18  MUNSON and other of its employees, including DOES 11-20, with deliberate

19  indifference to Plaintiffs' constitutional rights, which were thereby violated as

20  described above.

21      98.    As a direct and proximate result of Defendants' conduct as alleged

22  above, Plaintiffs suffered extreme and severe mental anguish and pain and have

23  been injured in mind and body. Plaintiffs also have been deprived of the life-long

24  love, companionship, comfort, support, society, care and sustenance of DECEDENT,

25  and will continue to be so deprived for the remainder of their natural lives.

26      99.    CITY is vicariously liable for the wrongful acts of Defendants DAVID

27  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

28  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  DOES 11-20 pursuant to section 815.2(a) of the California Government Code, which

2  provides that a public entity is liable for the injuries caused by its employees within

3  the scope of the employment if the employee's act would subject him or her to

4  liability.

5      100.   The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

6  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

7  CLINTON SIMONS, ERIC MUNSON and DOES 11-20 was malicious, wanton,

8  oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

9  and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

10  DECEDENT, to an award of exemplary and punitive damages.

11      101.   Plaintiffs bring this claim both individually and as successors-in-

12  interest to DECEDENT and seek both survival and wrongful death damages.

13                          **TENTH CAUSE OF ACTION**

14              **Violation of Bane Act (Cal. Civil Code § 52.1)**

15  **(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott**

16      **Caravalho, Sean Holleman, Clinton Simons, and Eric Munson)**

17      102.   Plaintiffs reallege each and every paragraph in this complaint as if fully

18  set forth here.

19      103.   California Civil Code section 52.1, et seq., also known as the Bane Act,

20  provides that any individual whose exercise or enjoyment of rights secured by the

21  Constitution or laws of the United States, or of rights secured by the Constitution or

22  laws of California, has been interfered with, or attempted to be interfered with, by a

23  person or persons, whether or not acting under color of law, may institute and

24  prosecute a civil action for damages, including, but not limited to, injunctive relief,

25  and other appropriate equitable relief to protect the peaceable exercise or enjoyment

26  of the right or rights secured, including appropriate equitable and declaratory relief

27  to eliminate a pattern or practice of conduct.

28      104.   The conduct of each Defendant in restraining DECEDENT in the prone

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   position, and in doing or failing to do the other wrongful acts herein alleged

2   including, but not limited to the failure to medically assess DEFENDANT when he

3   stopped moving and exhibited a drastically changed clinical presentation and the

4   failure to provide medical services in accord with the applicable standards of care,

5   was done for the purpose of interfering with and attempting to interfere with

6   DECEDENT's rights under the Fourth and Fourteenth Amendments to be free from

7   unreasonable seizure and excessive force, and with Plaintiffs' rights to familial

8   associations under the First and Fourteenth Amendments, and for these reasons

9   violated Plaintiffs' rights under California Civil Code section 52.1(b).

10      105.   At no time did DECEDENT pose an immediate threat of death or

11  serious bodily injury and DECEDENT never verbally threatened anyone. There is

12  direct and circumstantial evidence that DAVID MOWER, JOHN HELMICH, KEVIN

13  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

14  CLINTON SIMONS, and ERIC MUNSON intentionally violated DECEDENT's

15  rights under § 1983 by unlawfully detaining him, by attempting to unlawfully arrest

16  him, by unreasonably, unsafely and improperly restraining him in the prone position,

17  by failing to assess his medical condition and by providing medical services in

18  violation of applicable standards of care.

19      106.   Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN,

20  JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

21  and ERIC MUNSON, while working as police officers, fire fighters, paramedics

22  and/or emergency medical technicians for CITY, and acting within the course and

23  scope of their duties, intentionally deprived DECEDENT of his freedom of movement

24  by use of force, threats of force and unreasonable duress. Defendants DAVID

25  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

26  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC MUNSON

27  unreasonably detained DECEDENT in the prone position despite the known

28  potential for respiratory arrest and death from asphyxia or aspiration. Defendants

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981−7210

24

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

2  SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

3  MUNSON also detained DECEDENT without reasonable suspicion. There was an

4  attempt by DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY

5  KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

6  MUNSON to arrest DECEDENT without probable cause and, in fact, without even

7  suspicion of a crime. DECEDENT, an African-American male, was also racially

8  profiled by said Defendants.

9      107.    Plaintiffs are informed and believe and thereon allege that the

10  Defendants' wrongful acts were done knowingly and intentionally and for the

11  purpose of inflicting injury on DECEDENT.

12      108.    As a result, DECEDENT was caused to suffer extreme mental and

13  physical pain and suffering and eventually suffered a loss of life and of earning

14  capacity. Plaintiffs have also been deprived of the life-long love, companionship,

15  comfort, support, society, care, and sustenance of DECEDENT, and will continue to

16  be so deprived for the remainder of their natural lives.

17      109.    The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

18  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

19  CLINTON SIMONS, and ERIC MUNSON was a substantial factor in causing the

20  harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

21      110.    CITY is vicariously liable for the wrongful acts of Defendants DAVID

22  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

23  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON and

24  DOES 11-20 pursuant to section 815.2(a) of the California Government Code, which

25  provides that a public entity is liable for the injuries caused by its employees within

26  the scope of the employment if the employee's act would subject him or her to

27  liability.

28      111.    The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

25

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

2    CLINTON SIMONS, ERIC MUNSON and DOES 11-20 was malicious, wanton,

3    oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

4    and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

5    DECEDENT, to an award of exemplary and punitive damages.

6         112.    Plaintiffs bring this claim both individually and as successors-in-

7    interest to DECEDENT and seek both survival and wrongful death damages.

8         113.    Plaintiffs also seek the statutory civil penalties set forth in Civil Code

9    Section 52.1, attorney's fees and costs incurred herein.

10    **ELEVENTH CAUSE OF ACTION**

11    **Violation of Ralph Act (Cal. Civil Code §51.7)**

12    **(Against All Defendants)**

13         114.    Plaintiffs reallege each and every paragraph in this complaint as if fully

14    set forth here.

15         115.    California Civil Code section 51.7, also known as the Ralph Act,

16    provides all persons with the right to be free from any violence, or intimidation by

17    threat of violence, committed against their persons or property because of their race

18    or other protected, actionable characteristic, or because another person perceives

19    them to have one or more of those characteristics.

20         116.    California Civil Code section 52(b) provides that whoever denies the

21    right provided in Civil Code section 51.7, or aids, incites, or conspires in that denial,

22    is liable for each and every offense for the actual damages suffered by any person

23    denied that right and, in addition, the following: (1) an amount to be determined by a

24    jury, or a court sitting without a jury, for exemplary damages; (2) a civil penalty of

25    twenty-five thousand dollars ($25,000) to be awarded to the person denied the right

26    provided by section 51.7 in any action brought by the person denied the right; and (3)

27    attorney's fees as may be determined by the court.

28         117.    Defendant CITY and its officials and employees committed violent acts

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981-7210

26

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   against DECEDENT, including but not limited to, handcuffing Mr. Payne in the

2   prone position and kneeling on his back.

3       118.    A substantial motivating reason for Defendants' conduct was their

4   perception of DECEDENT's race, color, or other protected, actionable characteristic.

5       119.    As a result, DECEDENT was caused to suffer extreme mental and

6   physical pain and suffering and eventually suffered a loss of life and of earning

7   capacity. DECEDENT and Plaintiffs have been deprived of life, liberty, civil rights,

8   family relations and equal protection under the law. Plaintiffs have also been

9   deprived of the life-long love, companionship, comfort, support, society, care, and

10  sustenance of DECEDENT, and will continue to be so deprived for the remainder of

11  their natural lives.

12      120.    The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

13  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

14  CLINTON SIMONS, ERIC MUNSON and DOES 11-20 was a substantial factor in

15  causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

16      121.    CITY is vicariously liable for the wrongful acts of Defendants DAVID

17  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

18  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON and

19  DOES 11-20 pursuant to section 815.2(a) of the California Government Code, which

20  provides that a public entity is liable for the injuries caused by its employees within

21  the scope of the employment if the employee's act would subject him or her to

22  liability.

23      122.    The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

24  MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

25  CLINTON SIMONS, ERIC MUNSON and DOES 11-20 was malicious, wanton,

26  oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

27  and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

28  DECEDENT, to an award of exemplary and punitive damages.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

27
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

123.    Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT and seek both survival and wrongful death damages.

124.    Plaintiffs also seek the statutory civil penalties set forth in Civil Code Section 51.7, including actual damages in an amount to be proven at trial, a civil penalty of twenty-five thousand dollars ($25,000), and attorney's fees.

## TWELFTH CAUSE OF ACTION

### Violation of Unruh Civil Rights Act (Cal. Civil Code §§ 51, 52)

### (Against All Defendants)

125.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

126.    Defendants denied, or aided or incited a denial of, DECEDENT's full and equal privileges and services. The conduct complained of herein constitutes unlawful racial discrimination against DECEDENT and Plaintiffs. A substantial motivating reason for Defendants' conduct was their perception of DECEDENT's and Plaintiffs' race, color, or other protected, actionable characteristic.

127.    As a result, DECEDENT was caused to suffer extreme mental and physical pain and suffering and eventually suffered a loss of life and of earning capacity. DECEDENT and Plaintiffs have been deprived of life, liberty, civil rights, family relations and equal protection under the law. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

128.    The culpable and unlawful conduct of DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON and DOES 11-20 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

129.    CITY is vicariously liable for the wrongful acts of Defendants DAVID

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

2    CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON and

3    DOES 11-20 pursuant to section 815.2(a) of the California Government Code, which

4    provides that a public entity is liable for the injuries caused by its employees within

5    the scope of the employment if the employee's act would subject him or her to

6    liability.

7        130.    The conduct of DAVID MOWER, JOHN HELMICH, KEVIN

8    MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN,

9    CLINTON SIMONS, ERIC MUNSON and DOES 11-20 was malicious, wanton,

10    oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs

11    and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

12    DECEDENT, to an award of exemplary and punitive damages.

13        131.    Plaintiffs bring this claim both individually and as successors-in-

14    interest to DECEDENT, and seek both survival and wrongful death damages.

15        132.    Plaintiffs also seek the statutory civil penalties set forth in Civil Code

16    Section 52 including, but not limited to, treble damages.

17                    **THIRTEENTH CAUSE OF ACTION**

18        **Negligent Infliction of Emotional Distress (Cal. Govt. Code § 829)**

19    **(Against David Mower, John Helmich, Kevin Moorman, Jeffrey Klein, Scott**

20        **Caravalho, Sean Holleman, Clinton Simons, Eric Munson and City)**

21        133.    Plaintiffs reallege each and every paragraph in this complaint as if fully

22    set forth here.

23        134.    Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN,

24    JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

25    and ERIC MUNSON negligently caused physical injury and death to DECEDENT.

26        135.    HARRIET JEFFERSON was present at the scene, which is her

27    residence, when DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN,

28    JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

29

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  and ERIC MUNSON negligently caused physical injury and death to DECEDENT,

2  her son, and HARRIET JEFFERSON was aware that DECEDENT was being

3  injured.

4       136.   RUFUS JEFFERSON was present at the scene, which is his residence,

5  when Defendants DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN,

6  JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS,

7  and ERIC MUNSON negligently caused physical injury and death to DECEDENT,

8  his son, and RUFUS JEFFERSON was aware that DECEDENT was being injured.

9       137.   As a result of being present at the scene and perceiving her son,

10  DECEDENT, being restrained while unresponsive and unconscious, HARRIET

11  JEFFERSON suffered serious emotional distress, including but not limited to,

12  anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and

13  shame.

14       138.   As a result of being present at the scene and perceiving his son,

15  DECEDENT, being restrained while unresponsive and unconscious, RUFUS

16  JEFFERSON suffered serious emotional distress, including but not limited to,

17  anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and

18  shame.

19       139.   On information and belief, any ordinary reasonable person would be

20  unable to cope with seeing their son restrained and treated in the manner in which

21  DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN,

22  SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, and ERIC

23  MUNSON with respect to DECEDENT, particularly at their own residence and in

24  response to a call for help to 911.

25       140.   CITY is vicariously liable for the wrongful acts of Defendants DAVID

26  MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT

27  CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON and

28  DOES 11-20 pursuant to section 815.2(a) of the California Government Code, which

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

30

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

141.    HARRIET JEFFERSON and RUFUS JEFFERSON bring this claim individually and seek damages under this claim as individuals.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for request entry of judgment in their favor and against Defendants CITY, DAVID MOWER, JOHN HELMICH, KEVIN MOORMAN, JEFFREY KLEIN, SCOTT CARAVALHO, SEAN HOLLEMAN, CLINTON SIMONS, ERIC MUNSON and DOES 11-20, inclusive, as follows:

1.    Issue a declaratory judgment that Defendants' conduct as complained of herein was a violation of DECEDENT's and Plaintiffs' rights under the United States and California Constitutions and the laws of the United States and California;

2.    Issue an injunction ordering Defendant CITY to establish effective preventative mechanisms to ensure that improper restraints are not used in emergency medical situations in the future, including, but not limited to the following:

a.    Requiring that all police officers, fire fighters, paramedics and emergency medical technicians participate in regular and recurring training to assure that they do not use excessive force in restraining citizens in medical emergencies and do not unreasonably restrain patients in the prone position;

b.    Requiring that all paramedics and emergency medical technicians participate in regular and recurring training to assure that they adequately assess changed clinical presentations while responding to medical emergencies and provide emergency medical services in accordance with applicable standards of care;

c.    Requiring that all police officers, fire fighters, paramedics and emergency medical technicians participate in regular and recurring training to assure that they do not act due to bias based on race or ethnicity; and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650  CALIFORNIA  STREET
26TH  FLOOR
SAN  FRANCISCO,  CA  94108
(415)  981−7210

31
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    d.  Establishing a mechanism for internal discipline of officers who

2 are found to have engaged in racial discrimination;

3   3.  Award compensatory and general damages against Defendants and each

4 of them, for Plaintiffs in an amount to be determined according to proof;

5   4.  Award treble damages pursuant to California Civil Code § 52(a) against

6 Defendants and each of them, for Plaintiffs in an amount to be determined according

7 to proof;

8   5.  Award exemplary and punitive damages against all Defendants sued in

9 their individual capacities in an amount to be proven at trial;

10   6.  Award Plaintiffs their costs, expenses and reasonable attorney fees

11 pursuant to 42 U.S.C. § 1988, California Civil Codes §§ 52(b) and 52.1(h) and

12 California Code of Civil Procedure § 1021.5; and

13   7.  Grant such other and further relief as the Court may deem just and

14 proper.

15

16 Dated:  February 17, 2022   WALKUP, MELODIA, KELLY & SCHOENBERGER

17

18        By:  /s/ Khaldoun A. Baghdadi

19          KHALDOUN A. BAGHDADI

20          JOSEPH NICHOLSON
           Attorneys for Plaintiffs

21          REGINALD RAFE NICHOLAS PAYNE,
           INDIVIDUALLY AND AS SUCCESSOR-IN-

22          INTEREST TO THE ESTATE OF
           REGINALD DAMONE PAYNE, HARRIETT

23          JEFFERSON, AND RUFUS JEFFERSON

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

32

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs demand trial by jury for all the issues plead herein so triable.


Dated:  February 17, 2022          WALKUP, MELODIA, KELLY & SCHOENBERGER


By:    /s/ Khaldoun A. Baghdadi
KHALDOUN A. BAGHDADI
JOSEPH NICHOLSON
Attorneys for Plaintiffs
REGINALD RAFE NICHOLAS PAYNE,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO THE ESTATE OF
REGINALD DAMONE PAYNE, HARRIETT
JEFFERSON, AND RUFUS JEFFERSON

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

33

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF